UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

O.C.T.G., L.L.P.,

    Plaintiff,

v.                                                                                  Civil No. 10-796 (JNE/JJK)
                                                                                 ORDER

Tube Technologies, Inc.,

    Defendant.

    Invoking 28 U.S.C. § 1332(a)(1) (2006), which provides that a federal district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, O.C.T.G., L.L.P., brought this action against Tube Technologies, Inc., for breach of contract and unjust enrichment. In the body of the Complaint, O.C.T.G. describes itself as "a Texas limited liability partnership" whose "principal place of business" is in Texas and Tube Technologies as "a Minnesota limited liability company" whose "princip[al] place of business" is in Minnesota. The Complaint's caption identifies Tube Technologies as a Minnesota corporation. In a Corporate Disclosure Statement, O.C.T.G. states that "it is owned equally by Tubular Ultrasound, LP, Texas limited partnership, and Zen Oil, Inc., a Texas corporation." Pursuant to the Court's independent obligation to determine whether subject matter jurisdiction exists, *Sac & Fox Tribe of the Mississippi in Iowa, Election Board v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990), the Court observes that O.C.T.G.'s jurisdictional allegations are deficient and grants O.C.T.G. an opportunity to properly allege the citizenship of the parties.

    "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). With

1

regard to a limited partnership, "the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Id.*; *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004); *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991). In this case, O.C.T.G. does not allege the citizenship of its partners in its Complaint. The Corporate Disclosure Statement does not redress this deficiency because neither Zen Oil's principal place of business nor the citizenship of Tubular Ultrasound's partners appears in it. *Cf.* 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) (stating that the district court "should have insisted that V & M [a limited partnership] establish the citizenship of its partner LLCs"). Thus, O.C.T.G. has not properly alleged its own citizenship.

With regard to Tube Technologies' citizenship, O.C.T.G.'s allegations are muddled. As noted above, the Complaint identifies Tube Technologies as a Minnesota corporation and a Minnesota limited liability company whose principal place of business is in Minnesota. If the latter is true, then the Complaint does not properly allege Tube Technologies' citizenship because a limited liability company's citizenship, for purposes of diversity jurisdiction, is not determined according to § 1332(c)(1). *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Instead, a limited liability company's citizenship is that of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit*, 357 F.3d at 829.

Notwithstanding the allegation that Tube Technologies is a limited liability company, the Court doubts the applicability of *OnePoint Solutions* and *GMAC Commercial Credit* in this case.

Because "Inc." appears in its name, Tube Technologies is apparently a corporation. *See* Minn. Stat. § 302A.115, subd. 1(b) (2008). The Minnesota Secretary of State's website also indicates that Tube Technologies is a Minnesota corporation. *Cf. Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (noting court consulted databases available on the Internet to ascertain jurisdictional details before oral argument). O.C.T.G. shall clarify whether it is suing a corporation or a limited liability company and allege the citizenship of Tube Technologies accordingly.

Having failed to properly allege the parties' citizenship, O.C.T.G. has not satisfied its burden of establishing subject matter jurisdiction. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997); *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Unless O.C.T.G. redresses the deficiencies in its jurisdictional allegations within one week of the date of this Order, the Court will dismiss this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: April 8, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge